500 P.2d 167 (1972)
The People of the State of Colorado in the Matter of the Petition of K. W. E. and M. C. E. For the Relinquishment of a Child. K. W. E. and M. C. E., Petitioners-Appellants,
v.
The PEOPLE of the State of Colorado, Respondent-Appellee.
No. 71-340.
Colorado Court of Appeals, Div. II.
August 15, 1972.
Ott, Caskins, Castillo & Rhodes, Richard L. Ott, William J. Caskins, Jr., Denver, for petitioners-appellants.
*168 Ronald S. Loser, County Atty., Loyd G. Pearcy, Deputy County Atty., Littleton, for respondent-appellee.
Selected for Official Publication.
DWYER, Judge.
This is a proceeding for the relinquishment of a child under the provisions of the Colorado Children's Code.
K. W. E. and his wife, M. C. E., filed their petition representing that they wished to relinquish their child, F. C. L. E., because they were being divorced and were unable to properly take care of the child. At the time the petition was filed, the father was 19 years old; the mother was 17 years old; and the child was approximately two years old. After a hearing, the court entered an order dismissing the action and petitioners have appealed.
1967 Perm.Supp., C.R.S.1963, 22-4-1(2), provides that: "No parent shall relinquish his child other than in accordance with the provisions of this article;" and 1967 Perm.Supp., C.R.S.1963, 22-4-2, prescribes the relinquishment procedure and requires that the petition be filed upon forms supplied by the court. The official form contains the following prayer:
"WHEREFORE, petitioner(s) pray(s) that Orders of Relinquishment be entered herein and the guardianship of the person and legal custody of said child be transferred to a proper person or agency."
In the petition filed, the words "a proper person or agency" have been deleted, and the following has been substituted:
". . . the Arapahoe County Welfare Department with possession in [C.M.E.] and [T.L.E.], the child's grandparents."
The record in this case contains a report by an investigator of the Department of Public Welfare concerning its investigation of the child's grandparents. The grandparents were reported to be considering the filing of a petition for the adoption of F. C.L.E. The report states that the grandparents are of good moral character; that their marriage is happy and stable; and that they are financially capable of providing for the child.
Testimony at the hearing established that the child had been in the care of the grandparents for approximately one year and that this custodial arrangement was with the consent of the parents. The testimony further established that the relinquishment proceedings were instituted as part of a family plan that the child would be adopted by the grandparents.
The mother testified that she was willing to relinquish the child. However, there was testimony that the mother felt that she was under pressure to relinquish her child. Both the mother and father expressed a desire to continue to visit the child. The mother stated that she was not willing to relinquish the child to the welfare department.
The statute, which confers upon the court jurisdiction of relinquishment procedures, vests in the trial court the discretionary power to grant or deny the petition for relinquishment. 1967 Perm.Supp., C.R.S.1963, 22-4-2, provides:
"(5) If the court believes after the hearing that it is in the best interests of the parties concerned that no relinquishment be granted, the court shall enter an order dismissing the action.
"(6) If the court is satisfied after the hearing that the relinquishing parent or parents have been counseled as provided in subsection (4) of this section and that the relinquishment would best serve the interests of all parties concerned, it shall enter an order of relinquishment."
It is apparent from both the petition and the testimony at the hearing that the parents were attempting a "partial" or "conditional relinquishment." Such a relinquishment is not authorized by the statute. 1967 Perm.Supp., C.R.S.1963, 22-4-3(4), provides that "[a] final order of relinquishment shall divest the relinquishing parent or parents of all legal rights and obligations they may have with respect to the child relinquished."
*169 The trial court found that the mother "was not in any position to make such an important decision [relinquishment] at this time." This finding is supported by the record, and the court's denial of the relinquishment is sustained on the basis of this finding.
The record discloses no abuse of discretion by the trial court in denying a relinquishment which it determined was not in the best interests of the parties concerned.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.